IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GLENN H. OLAY, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 04-266 Erie |
| HENRY M. HEARNE, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 04-276 Erie |
| PAUL L. PLYLER, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 04-277 Erie |
| WILLIAM F. LUNDER, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 04-278 Erie |
| LYNN A. RHODES, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 04-279 Erie |
| TERRY K. ROCKWELL, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 04-280 Erie |
| MOTION CONTROL INDUSTRIES, DIVISION OF CARLISLE CORPORATION, RETIREMENT PLAN FOR BARGAINING UNIT EMPLOYEES OF MOTION CONTROL INDUSTRIES, DIVISION OF CARLISLE CORPORATION | ) | |
| Defendants. | ) | |

## ORDER

These are six lawsuits filed by former employees of the former Ridgeway facility of Motion Control Industries, a division of Carlisle Corporation. A seventh lawsuit was filed on April 21, 2005, (Charles D. Wilson v. Motion Control, et al., Civ. No. 05-122 Erie). Service was not made in that case until January 23, 2006. Defendant's answer is due on or before March 24, 2006. In all seven cases, the plaintiffs seek disability benefits under the Retirement Plan for Bargaining Unit Employees of Motion Control Industries. Each of the seven related disability claim cases present separate and independent factual issues regarding the nature, timing, and extent of each plaintiff's alleged disability, which requires separate factual discovery. However, counsel for the parties have conferred and agreed that the seven related disability cases appear to have a number of common legal issues. Accordingly, discovery deadlines in the above six cases are common (of course, discovery has yet to begin in the seventh case). Discovery in these six cases ended on February 24, 2006.

Presently before the Court is Plaintiff Glenn Olay's Motion to Compel Discovery and Amend Case Management Order. Plaintiff Olay explains that five written interrogatories were served on Defendant on July 15, 2005. When no response came, Plaintiff asked Defendant on October 31, 2005, why the interrogatories had not been answered. Defendant replied that the interrogatories had been lost, and thus Plaintiff faxed him another copy on October 31, 2005. No response was received and thus Plaintiff Olay filed this motion on March 2, 2006,

Counsel for Plaintiff Olay states in his motion that he "certifies that he made a good faith effort to resolve this discovery dispute prior to the filing of the instant motion." (Motion to Compel, at ¶ 9.) Our Local Rule 37.1 states in pertinent part as follows,

> Unless otherwise ordered, the clerk shall not accept for filing any discovery motion, . . . , unless counsel for the moving party . . . . attaches thereto a certificate that said counsel . . . has made a reasonable effort to reach agreement with opposing counsel . . . on the matters set forth in the motion and

2

> summarizing the facts and circumstances of that reasonable effort. The certificate shall be denominated a Discovery Dispute Certificate.

According to Plaintiff Olay's motion, his counsel spoke with opposing counsel on the matters set forth in the motion on October 31, 2005. At that time, Olay's counsel faxed a copy of the interrogatories to opposing counsel. Apparently, Olay's counsel has not contacted opposing counsel about the failure to respond to the October 31, 2005 outstanding discovery requests at all. This hardly counts as "a reasonable effort to reach agreement with opposing counsel." On the other hand, there appears to be no explanation for opposing counsel's failure to respond to a standard discovery request. We also note that both parties failed to file any motion before the close of discovery. Nonetheless, in the interest of justice we will grant Plaintiff's motion and adjust the deadlines for discovery.

In addition, early in these cases the parties acknowledged that there is a common threshold issue to all of the cases that may be dispositive of the outcome. They explained the threshold issue as centering on whether the Plan has a legal obligation to consider a participant for a disability pension when the participant's employment with the Defendant Employer was terminated at or before the date of disability due to a permanent plant closing. The parties agreed that a determination of this issue in favor of Defendants would conclude the litigation; while a determination in favor of Plaintiff may lead to a settlement. Thus, the parties proposed, and the Court accepted, a two-phase discovery plan. Phase I pertains only to the threshold question. This is the stage we are in now. Phase II of the plan is only effective after Phase I and only if the legal issue is resolved in favor of Plaintiffs. At the time of the parties proposal, the Court instructed the parties to file documents related to Phase I only at Civ. No. 04-266 Erie. In order to ensure complete dockets for each of these individual cases, and in light of the electronic filing system, we will rescind our instruction. Thus, from this date forward the parties are required to file separate pleadings at their proper case numbers. Such pleadings, to the extent they are essentially the same may be filed, as this Order is, with a caption listing each individual case and number.

3

The following Order is hereby entered.

AND NOW, to-wit, this __6th__ day of March, 2006, it is hereby ORDERED, ADJUDGED and DECREED as follows:

**1.** Plaintiff's Motion to Compel Discovery (Doc. 14) be and hereby is GRANTED. Defendants shall answer Plaintiff's interrogatories on or before __March 12, 2006.__

**2.** Plaintiff's Motion to Amend Case Management Order (Doc. 14) be and hereby is GRANTED to the extent that discovery dates are adjusted as follows:

**a.** Discovery is re-opened for the limited purpose of allowing the parties to complete outstanding discovery on the matters set forth in Plaintiff's motion. The limited discovery shall be completed on or before __March 17, 2006__.

**b.** The parties shall file motions for judgment on the pleadings, for summary judgment, or to dismiss, if appropriate, on or before __March 31, 2006__. All such motions shall be accompanied by a brief. Responses to such motions shall be accompanied by briefs and shall be filed on or before __April 28, 2006__. Any reply briefs shall be due (15) days thereafter.

_Maurice B. Cohill, Jr._
Maurice B. Cohill, Jr.
Senior United States District Judge

cc:    counsel of record

4