IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GLENN H. OLAY, | |
|        Plaintiff, | |
|     v. | Civil Action No. 04-266  Erie |
| …………………………………………. | |
| HENRY M. HEARNE, | |
|        Plaintiff, | |
|     v. | Civil Action No. 04-276  Erie |
| …………………………………………. | |
| PAUL L. PLYLER, | |
|        Plaintiff, | |
|     v. | Civil Action No. 04-277  Erie |
| …………………………………………. | |
| WILLIAM F. LUNDER, | |
|        Plaintiff, | |
|     v. | Civil Action No. 04-278  Erie |
| …………………………………………. | |
| LYNN A. RHODES, | |
|        Plaintiff, | |
|     v. | Civil Action No. 04-279  Erie |
| …………………………………………. | |
| TERRY K. ROCKWELL, | |
|        Plaintiff, | |
|     v. | Civil Action No. 04-280  Erie |
| ………………………………………… | |
| MOTION CONTROL INDUSTRIES, DIVISION OF CARLISLE CORPORATION, RETIREMENT PLAN FOR BARGAINING UNIT EMPLOYEES OF MOTION CONTROL INDUSTRIES, DIVISION OF CARLISLE CORPORATION, | Judge Maurice B. Cohill, Jr. |
|        Defendants. | |

**CONCISE STATEMENT OF MATERIAL FACTS
IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

Plaintiffs file the following Concise Statement of Material Facts in Support of Plaintiffs'

Motion for Summary Judgment, pursuant to W.D.PA.LR 56.1, as follows:

## BACKGROUND

1) Plaintiffs, Glenn H. Olay, Henry M. Hearne, Paul L. Plyler, William F. Lundner, Lynn A. Rhodes, Terry K. Rockwell and Charles D. Wilson are adult citizens of the United States of America and are residents of the Commonwealth of Pennsylvania. Complaints ¶ 1; Answers ¶1.

2) Defendant, Motion Control Industries, Division of Carlisle Corporation (hereinafter "Motion Control"), is a Delaware corporation with its principal offices located in Charlottesville, Virginia. Motion Control operated a manufacturing facility located at 1 Gillis Avenue, Ridgway, Elk County, Pennsylvania, 15853 (hereinafter the "Ridgway Facility") until it halted operations there on January 11, 2002. Complaints ¶ 2; Answers ¶2.

3) Plaintiffs were employed by Motion Control at the Ridgway Facility. Their last day of actual work was January 11, 2002, when Motion Control closed the plant at the Ridgway Facility. Plaintiffs' hire dates with Motion Control are as follows:

| | | |
|---|---|---|
| Olay | - | July 31, 1978 |
| Hearne | - | September 1973 |
| Plyler | - | June 4, 1976 |
| Lunder | - | July 27, 1968 |
| Rhodes | - | January 30, 1974 |
| Rockwell | - | April 21, 1969 |

Affidavit of Glenn H. Olay ("Olay Affidavit"), ¶ 4; Complaints ¶¶ 9, 12; Answers ¶¶ 3, 9, 12.

4) While employed by Motion Control, plaintiffs' collective bargaining representative was IUE/CWA Local 502, AFL-CIO (hereinafter "Local 502"), an employee organization. Olay Affidavit, ¶ 5.

5)  Local 502 and Motion Control negotiated a series of collective bargaining agreements covering the bargaining unit at the Ridgway Facility. The most recent collective bargaining agreement was effective by its terms from July 20, 2000 through June 27, 2003 (hereinafter the "2000 Agreement"). Complaints ¶ 10; Answers ¶10. A true and correct copy of the 2000 Agreement is attached to the Plaintiff's Appendix to Concise Statement of Material Facts (the "Appendix") as Exhibit "1".

6)  On January 11, 2002, Motion Control ceased production at its Ridgway Facility and permanently laid off all of the employees represented by Local 502, including plaintiffs. Plaintiffs and the other employees represented by Local 502 received WARN Act [29 USC 2101 et seq.] pay and benefits through March 16, 2002. At the time, there were approximately 127 employees affected by the lay-off. Complaints ¶ 12; Answers ¶12. Olay Affidavit, ¶ 12.

7)  According to Motion Control, plaintiffs' employment was terminated after their WARN Act benefits expired on March 16, 2002. Appendix, Exhibit 6.

8)  By virtue of their employment with Motion Control, plaintiffs are participants in the defendant, Retirement Plan for Bargaining Unit Employees of Motion Control Industries, Division of Carlisle Corporation (the "Plan"). Olay Affidavit, ¶ 6; Complaints ¶ 5; Answers ¶5.

9)  The Plan is maintained to provide benefits as described therein to all employees employed in the bargaining unit represented by Local 502, including plaintiffs. Complaints ¶ 3; Answers ¶3; Complaints ¶ 10; Answers ¶10.

10) The Plan is maintained pursuant to written documents (collectively the "Plan Documents"), which are: a complete plan document, amended and restated as of January 1, 1997 (the "1997 Document") and the Part II Supplement as amended and restated as of July 20, 2000 (the "2000 Supplement"). Complaints ¶ 3; Answers ¶3. True and correct copies of the 1997

3

Document and the 2000 Supplement are attached to the Appendix as Exhibits 2 and 3, respectively.

11) The Plan is a defined benefit pension plan that provides for four different types of benefits: Normal Retirement, Early Retirement, Disability Retirement, and Deferred Vested Retirement.  Appendix, Exhibit 2, §§4.1, 4.2, 4.3 and 4.4, pp. 16-18.

12) A participant's eligibility for a Disability Retirement benefit is defined by the Plan Documents as follows:

> If the employment of a Participant, but not an Inactive Participant, terminates because of a Disability after he attains Disability Retirement Age, he shall be eligible to receive a disability retirement benefit under the Plan, in accordance with and subject to the provisions of the Plan.

Appendix, Exhibit 2, §4.3(a), p. 17.

13) The Plan has on at least two (2) prior occasions provided Disability Retirement benefits to employees whose employment had terminated but whose disability onset date preceded their termination of Employment.  *See:*  Defendants' Answers to Plaintiff's Interrogatories, Interrogatory and Answer No. 2; a true and correct copy of Defendants' Answers to Plaintiff's Interrogatories is attached to the Appendix as Exhibit "4".

14) Based on their hire dates with Motion Control, all plaintiffs had at least twenty four (24) years of vesting service in the Plan as of January 11, 2002.  Olay Affidavit, ¶ 7.  Complaints ¶¶ 9, 12; Answers ¶¶ 3, 9, 12.

### PLAINTIFFS' DISABILITY AND APPLICATION TO THE PLAN

15) Plaintiffs were awarded Social Security Disability Benefits by the Social Security Administration, which determined the onset date of their disabilities to be as follows:

        Olay    -    January 11, 2002

        Hearne    -    April 10, 2002

        Plyler    -    February 24, 2003

        Lunder    -    March 31, 2003

        Rhodes    -    January 11, 2002

        Rockwell    -    July 2002

Appendix, Exhibit 8; Complaints ¶¶ 15-16.

16) All plaintiffs sought disability retirement benefits from the Plan after they received notice that they were to receive Social Security Disability benefits. Affidavit of Robert Eberle, Esquire ("Eberle Affidavit"), ¶ 9; Appendix, Exhibit 7.

17) Rockwell, Olay and Hearne made telephone calls to the appropriate Motion Control office to request applications for a disability retirement benefit. Olay Affidavit, ¶ 22, Eberle Affidavit, ¶ 4.

18) Norman Tarbell, a human resources manager for Motion Control who was authorized to speak on behalf of the Plan, told Olay on the telephone that he was not eligible for a disability retirement benefit and refused to send him an application form. Olay Affidavit, ¶ 23.

19) Hearne and Rockwell were likewise told by representatives of Motion Control that they were not entitled to a disability retirement benefit and these representatives refused to even send them an application form. Eberle Affidavit, ¶ 4.

20) Plyler had applied for a disability retirement benefit and actually received a written notice from Motion Control advising him that he was not eligible. Eberle Affidavit, ¶ 4; Appendix, Exhibit 9.

5

21)   After the Ridgway facility closed, Motion Control and Local 502 had a series of meetings to address various issues regarding the closing. At some point during those negotiations, which extended into 2004, Local 502 became aware that Motion Control did not consider plaintiffs and other similarly situated employees to be eligible for disability pension benefits, based on Motion Control's position that plaintiffs and the other employees were not active employees (as that term is defined in the Plan Document) at the time they applied for the disability retirement benefit. Complaints ¶ 20; Answers ¶ 20; Eberle Affidavit, ¶¶ 4-9.

22)   Once the position of Motion Control as to plaintiffs and the other similarly situated employees was communicated to Local 502 and the affected employees, counsel for Local 502 and plaintiffs, Robert A. Eberle, Esquire, sent a letter dated March 23, 2004 to Richard W. Perhacs, Esquire, the attorney representing Motion Control throughout the various issues arising from the plant closing. Eberle Affidavit, ¶ 6; Appendix, Exhibit 5.

23)   Attorney Perhacs is employed by the same law firm representing Motion Control and the Plan in plaintiffs' instant lawsuits. Eberle Affidavit, ¶ 2.

24)   The purpose of Attorney Eberle's March 23, 2004 letter was to ascertain if Motion Control and the Plan intended to pay disability benefits to plaintiff Rockwell and another employee, Don Davido. A true and correct copy of the March 23, 2004 letter is attached to the Appendix as Exhibit 5. Complaints ¶ 21; Answers ¶ 21; Eberle Affidavit, ¶ 6.

25)   In response to the letter of March 23, 2004, Attorney Perhacs sent a letter dated April 20, 2004 to Attorney Eberle. In that letter, Attorney Perhacs set forth Motion Control's position that the respective disabilities of Davido and plaintiff Rockwell both began "well after employment ended," and that they were therefore not entitled to the disability benefits requested insofar as their employment did not terminate "because of a disability" under Section 4.3(a) of

the Plan Document. A true and correct copy of the April 20, 2004, letter is attached to the Appendix as Exhibit 6. Complaints ¶ 22; Answers ¶ 22; Eberle Affidavit, ¶ 7.

26) In response to the April 20, 2004 letter, Attorney Eberle sent another letter dated May 24, 2004 to Attorney Perhacs. The letter requested a clarification of Motion Control's position, and was written on behalf of several additional former Motion Control employees, including all of the plaintiffs in these lawsuits, who had subsequently made claims for disability retirement pensions with Motion Control and had been told, in one form or another, that they were ineligible for said benefits. The letter also requested confirmation that further resort to administrative procedures with the Plan Administrator would be futile. A true and correct copy of the May 24, 2004 letter is attached to the Appendix as Exhibit 7. Complaints ¶ 23; Answers ¶ 23; Eberle Affidavit, ¶ 9.

27) Neither Motion Control nor the Plan ever responded to Attorney Eberle's letter of May 24, 2004 (Exhibit 7). Complaints ¶ 24; Answers ¶ 24; Eberle Affidavit, ¶ 9.

### PLAINTIFFS' CONTINUING EMPLOYMENT RIGHTS AFTER MARCH 16, 2002

28) Plaintiffs' retained recall, seniority and other rights under the collective bargaining agreement between Motion Control and Local 502 which did not expire until June 27, 2003. Olay Affidavit, ¶ 13; Appendix Exhibit 1.

29) Attorney Eberle represented Local 502 in a labor arbitration matter with Motion Control involving a dispute over the payout of accrued unused vacation benefits for the employees at Ridgway subsequent to the plant closing. That arbitration case (designated Grievance No. 41) was heard on March 11, 2003 by Arbitrator Matthew M. Franckiewicz, who issued his Opinion and Award on June 24, 2003, which is attached to the Appendix as Exhibit 10. Eberle Affidavit, ¶ 10.

30) Vacation benefits under the Motion Control/Local 502 Agreement were accrued and paid out based on the employee's anniversary year. Appendix, Exhibit 1. For Glenn Olay, whose hire date was July 31, he earned vacation based on meeting the annual requirements of time worked between July 31 and July 30 of the next year, and the vacation he earned would be available for him to take after July 30. For each of the other plaintiffs, the annual vacation benefits were based on that individual employee's anniversary-of-hire date. Eberle Affidavit, ¶ 11.

31) In the arbitration of Grievance No. 41, Motion Control asserted that employees were not entitled to accrue any additional vacation benefits for the period between their last anniversary-of-hire date and the date of the plant closing. Local 502 took the position that employees were entitled to these amounts, and in support thereof Local 502 introduced a schedule of vacation benefits owed to bargaining unit employees (including all of the plaintiffs in this litigation), a true and correct copy of which is attached to the Appendix as Exhibit 11. That schedule indicates the amount of accrued vacation benefits that would be owing to each of the laid-off Ridgway employees, including each of the plaintiffs in this litigation. Eberle Affidavit, ¶ 12.

32) Arbitrator Franckiewicz sustained Grievance no. 41 and ordered Motion Control to pay accrued vacation benefits to each of the laid-off employees, including each of the plaintiffs in this litigation, based on the number of accrued vacation hours as of March 16, 2002. Those payments were made by Motion Control and received by the individuals in the latter half of 2003. The plaintiffs had accrued vacation hours as of that date approximately as follows:

    Glenn H. Olay – 152 hours ($2,257.20)

    Henry M. Hearne – 144 hours ($2,001.60)

       Paul L. Plyler - 224 hours ($3,662.40)

       William F. Lunder – 184 hours ($3,036.00)

       Lynn A. Rhodes – 64 hours ($1,078.40)

       Terry K. Rockwell – 240 hours ($4,080.00)

Eberle Affidavit, ¶ 13; Appendix, Exhibit 11.

    33) Each plaintiff received in 2003 the above-listed pay for vacation benefits earned during the period between the plaintiff's last anniversary-of-hire date and the plant closing. Eberle Affidavit, ¶ 14.

                           Respectfully submitted,

                           JUBELIRER, PASS & INTRIERI, P.C.

                           BY:       /s/ Jason Mettley
                                Robert A. Eberle, Pa. I.D. #47359
                                Jason Mettley, Pa. I.D. #81966
                                219 Fort Pitt Boulevard
                                Pittsburgh, PA 15222
                                (412) 281-3850
                                (412) 281-1985 (fax)
                                rae@jpilaw.com
                                jm@jpilaw.com
                                Attorneys for Plaintiffs