IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GLENN H. OLAY,<br>　　　　Plaintiff,<br>　v. | Civil Action No. 04-266  Erie |
| ................................................. | |
| HENRY M. HEARNE,<br>　　　　Plaintiff,<br>　v. | Civil Action No. 04-276  Erie |
| ................................................. | |
| PAUL L. PLYLER,<br>　　　　Plaintiff,<br>　v. | Civil Action No. 04-277  Erie |
| ................................................. | |
| WILLIAM F. LUNDER,<br>　　　　Plaintiff,<br>　v. | Civil Action No. 04-278  Erie |
| ................................................. | |
| LYNN A. RHODES,<br>　　　　Plaintiff,<br>　v. | Civil Action No. 04-279  Erie |
| ................................................. | |
| TERRY K. ROCKWELL,<br>　　　　Plaintiff,<br>　v. | Civil Action No. 04-280  Erie |
| ................................................. | |
| MOTION CONTROL INDUSTRIES, DIVISION OF CARLISLE CORPORATION, RETIREMENT PLAN FOR BARGAINING UNIT EMPLOYEES OF MOTION CONTROL INDUSTRIES, DIVISION OF CARLISLE CORPORATION,<br><br>　　　　Defendants. | Judge Maurice B. Cohill, Jr. |

**AFFIDAVIT OF GLENN H. OLAY IN SUPPORT OF
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GLENN H. OLAY,                                )
                                              )
                    Plaintiff                 )
                                              )
    vs.                                       )
                                              )
MOTION CONTROL INDUSTRIES,                    )
DIVISION OF CARLISLE                          )   Civil Action No. 04-266E
CORPORATION, RETIREMENT PLAN                  )
FOR BARGAINING UNIT EMPLOYEES                 )
OF MOTION CONTROL INDUSTRIES,                 )
DIVISION OF CARLISLE                          )
CORPORATION,                                  )
                                              )
                    Defendants                )

**AFFIDAVIT OF GLENN H. OLAY IN SUPPORT OF**
**PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

1.  I, Glenn H. Olay, am the plaintiff in the above-captioned action. I am an adult citizen of the United States and a resident of the Commonwealth of Pennsylvania.

2.  My date of birth is November 15, 1958.

3.  I worked for defendant, Motion Control Industries, Division of Carlisle Corporation (hereinafter "Motion Control"), at its manufacturing facility located at 1 Gillis Avenue, Ridgway, Elk County, Pennsylvania, 15853 (hereinafter the "Ridgway Facility"). I was hired by Motion Control on July 31, 1978.

4.  I was actively employed as an employee by Motion Control at the Ridgway Facility from July 31, 1978 until January 11, 2002.

5. During my employment with Motion Control, I was represented in collective bargaining by IUE/CWA Local 502, AFL-CIO (hereinafter "Local 502"), an employee organization.

6. By virtue of my employment with Motion Control, I became a participant in the Retirement Plan for Bargaining Unit Employees of Motion Control Industries, Division of Carlisle Corporation (the "Plan").

7. According to Motion Control and the Plan, I had twenty four (24) years of vesting service in the Plan as of January 11, 2002.

8. In or about February of 1999, I injured my shoulder at work. I was absent for work for a period of time while I received workers' compensation benefits. I returned to work at Motion Control and as was actively employed there as of January 2002.

9. On January 11, 2002, I worked part of my scheduled shift at Motion Control before being excused for a medical condition and going home.

10. I subsequently learned that Motion Control closed the Ridgway facility at the end of January 11, 2002 and that I, as well as all of the other production and maintenance employees, had been laid off.

11. At that time, my employment was governed by a collective bargaining agreement between Local 502 and Motion Control that was effective from July 20, 2000 to June 27, 2003.

12. I received WARN act pay and health insurance benefits from Motion Control through March 16, 2002.

13. I retained recall and seniority rights under the collective bargaining agreement between Motion Control and Local 502 until June 27, 2003.

14. In approximately August of 2002, Motion Control paid me $534.60, representing 36 hours of vacation pay that I had accrued under the collective bargaining agreement between Motion Control and Local 502 for the period from July 31, 2000 through July 31, 2001.

15. The vacation pay referenced in paragraph 14 above was calculated based on the hourly wage rate that became effective July 1, 2001 for my job classification ($14.85 per hour as an Inspector) as set forth in the applicable collective bargaining agreement between Motion Control and Local 502.

16. Later, in ~~approximately the spring~~ August (JHO) of 2003, Motion Control paid me $2,280.00, representing 152 hours of vacation pay that I had accrued under the collective bargaining agreement between Motion Control and Local 502 for the period of July 31, 2001 through March 16, 2002.

17. The vacation pay referenced in paragraph 16 above was calculated based on the hourly wage rate that became effective July 1, 2002 for my job classification ($15.00 per hour as an Inspector) as set forth in the applicable collective bargaining agreement between Motion Control and Local 502.

18. After Motion Control closed the Ridway Facility on January 11, 2002, my treating physician deemed me to be totally and permanently disabled as a result of complications arising from my shoulder injuries, migraine headaches, and diabetes.

19. My physician determined that I had become totally and permanently disabled as of January 11, 2002.

20. I applied for Social Security Disability Benefits, and by Decision dated March 12, 2004, the Social Security Administration determined that I was totally and permanently disabled

and entitled to social security disability insurance benefit payments retroactive to January 11, 2002, the onset date of my disability.

21.   After I was notified that I would receive Social Security Disability Benefits, I attempted to apply for a disability retirement benefit from the Plan.

22.   I made a telephone call to Motion Control to request that an application for a disability retirement benefit from the Plan be sent to me.

23.   Norman Tarbell, a human resources manager for Motion Control who was authorized to speak on behalf of the Plan, told me on the telephone that I was not eligible for a disability retirement benefit and refused to send me an application form.

24.   In order to pursue my claim for disability retirement benefits from the Plan, I had no other alternative but to file the instant lawsuit.

25.   I have not been gainfully employed since January 11, 2002.

26.   After Motion Control closed the Ridgway facility I earned an associate's degree from Penn State Dubois through a job retraining program.

Sworn to and subscribed before me
this __14__ day of March, 2006.

_____
Glenn Olay

_____
Notary Public

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Mary Louise McGaffin, Notary Public
City Of Pittsburgh, Allegheny County
My Commission Expires Oct. 14, 2007
Member, Pennsylvania Association Of Notaries

4